**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

JOY H. NICHOLAS                                                                                    PLAINTIFF

v.                                            4:08CV00647 WRW/JTR

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                                                        DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge William R. Wilson, Jr. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Joy H. Nicholas, has appealed the final decision of the Commissioner of the Social Security Administration denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Both parties have filed Appeal Briefs (docket entries #18 and #19), and the issues are now joined and ready for disposition.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion,[1] "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing

---

[1] *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision." *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995).

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005).

Plaintiff alleged that she was limited in her ability to work by neck and back problems. (Tr. 77.) After conducting an administrative hearing, at which Plaintiff and a vocational expert testified, the Administrative Law Judge ("ALJ") concluded that Plaintiff had not been under a disability,[2] within the meaning of the Social Security Act, at any time through March 15, 2008, the date of his decision. (Tr. 16.) On June 10, 2008, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision; thereby making it the final decision of the Commissioner. (Tr. 3-5.) Plaintiff then filed her Complaint initiating this appeal. (Docket entry #2.)

Plaintiff was 54 years old at the time of the administrative hearing. (Tr. 186.) She is a high school graduate (Tr. 82, 186), with past relevant work as a life skills instructor, school cook, and line inspector. (Tr. 69-74, 78, 203-05.)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. Step 1 involves a determination of whether the claimant is involved in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i) (2005), §416.920. If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. *Id.*, § 404.1520(b), § 416.920.

Step 2 involves a determination, based solely on the medical evidence, of whether the

---

[2]"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A) & 1382a(3)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3) & 1382a(C)(I).

claimant has an impairment or combination of impairments which significantly limits claimant's ability to perform basic work activities, a "severe" impairment. *Id.*, § 404.1520(4)(ii), § 416.920. If not, benefits are denied. *Id.*

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id.*, § 404.1520(a)(iii), § 416.920.[3] If so, and the duration requirement is met, benefits are awarded. *Id.*

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform the physical and mental demands of past relevant work. *Id.*, § 404.1520(4)(iv), § 416.920. If so, benefits are denied. *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. *Id.*, § 404.1520(4)(v), § 416.920. If so, benefits are denied; if not, benefits are awarded. *Id.*

The ALJ found that Plaintiff: (1) had not engaged in substantial gainful activity since her alleged onset date (Tr. 12); (2) had "severe" impairments, including degenerative disk disease, and degenerative joint disease in her lower back, with multi-level fusion with instrumentation, and residual back pain (*id.*); (3) did not have an impairment or combination of impairments that met or equaled a Listing (Tr. 13); (4) was not credible in her statements concerning the intensity, persistence, and limiting effects of her symptoms (Tr. 14-15); (5) retained the RFC to perform essentially the full range of light work (Tr. 13); and (5) was capable of performing her past relevant work as an inspector. (Tr. 16)  Thus, the ALJ concluded that Plaintiff was not disabled. *Id.*

Plaintiff argues that the ALJ erred: (1) by failing to consider and analyze her subjective complaints under the criteria set forth in *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984); and (2) by failing to ask the vocational expert a hypothetical question. The Court will address each of these arguments separately.

---

[3] If the claimant's impairments do not meet or equal a Listing, then the ALJ must determine the claimant's residual functional capacity ("RFC") based on all the relevant medical and other evidence. *Id.*, § 404.1520(e). This RFC is then used by the ALJ in his analysis at Steps 4 or 5. *Id.*

In support of his first argument, Plaintiff relies heavily on the ALJ's alleged failure to analyze her subjective complaints in accordance with the factors identified by the Court in *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). (*Pltff.'s App. Br.* at 6-7.) While it is true that the ALJ did not cite *Polaski*, he did cite 20 C.F.R. §§ 404.1529 and 416.929.[4] (Tr. 14.) He also cited Social Security Ruling 96-7p (Tr. 14), which tracks *Polaski* and 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3) and elaborates on them.[5] Given the ALJ's citation of the proper regulations and his consideration of the relevant *Polaski* factors in evaluating Plaintiff's credibility, the Court concludes that his failure to cite *Polaski* is not error. *Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001). To hold otherwise would elevate form over substance.

Second, Plaintiff argues that the ALJ erred because he failed to ask the vocational expert a hypothetical question. (*Pltff.'s App. Br.* at 9.) In his decision, the ALJ held that, at *Step 4*, Plaintiff could return to past relevant work. (Tr. 16.) Testimony of a vocational expert is not required at Step 4 of the sequential evaluation process; such testimony is only required at Step 5, when the burden shifts to the Commissioner, and claimant has a nonexertional impairment. *Banks v. Massanari*, 258

---

[4] In pertinent part, these two C.F.R. provisions set forth the following criteria for evaluating a claimant's subjective complaints of pain:

> Factors relevant to your symptoms, such as pain, which we will consider include:
> (i) Your daily activities;
> (ii) The location, duration, frequency, and intensity of your pain or other symptoms;
> (iii) Precipitating and aggravating factors;
> (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
> (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
> (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
> (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3); 416.929(c)(3) (2007).

[5] After reviewing the complete record, the Court concludes that the ALJ followed the *Polaski* factors in evaluating Plaintiff's credibility and took into account matters such as her daily activities, medications, and the medical record before deciding that Plaintiff's subjective complaints were not fully credible.

F.3d 820, 827 (8th Cir. 2001); *Johnston v. Shalala*, 42 F.3d 448, 452 (8th Cir. 1994).  Thus, the Court concludes that this argument is without merit.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the Appeal Briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Court also concludes that the ALJ's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed, with prejudice.

DATED this 1st day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE